# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| GEORGE POOLE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:05-CV-1005-TCM |
| GENE STUBBLEFIELD, RICHARD DIXON, SAMUEL SIMON, ALMEDA BALL TYLER and DEREK KERBER, | ) ) ) ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of plaintiff George Poole for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, currently released, and formerly incarcerated at the St. Louis Medium Security Institute ("SLMSI"), seeks monetary and declaratory relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, while he was incarcerated at SLMSI, (1) he was charged for medical care and charged taxes on commissary items; (2) he was not given good-time credits; (3) personal property damaged by guards was not replaced; (4) his access to the courts was restricted; (5) he was forced to attend religious services while in the general population and not provided with religious services while housed in the special housing unit; (6) defendants failed to return him to the general population and housed him with violent offenders and failed to release him in a timely manner; (7) defendants failed to give him adequate cleaning supplies; (8) defendant Dixon ordered other correctional officers to pick him up and drop him causing injury to his knees, and failed to provide medical care for such injury; and (9) defendant Dixon harassed plaintiff. All defendants are sued in their individual capacities. Plaintiff also seeks appointment of counsel.

**Discussion**

**A.     Charges for medical care and taxes on commissary items**

Plaintiff alleges that defendants Simon and Stubblefield violated his constitutional rights under the Fourteenth Amendment by charging him for medical care and by allowing an outside

2

canteen company to charge plaintiff taxes on commissary items.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Furthermore, it is well established that withholding treatment for a serious medical need in order to compel payment constitutes deliberate indifference and is unconstitutional." *Benter v. Peck,* 825 F.Supp. 1411, 1418 (S.D.Iowa 1993) (citing *City of Revere v. Massachusetts General Hosp.,* 463 U.S. 239, 245, 103 S.Ct. 2979, 2983 (1983); *Fields v. Gander,* 734 F.2d, 1313, 1315 (8th Cir. 1984)). Plaintiff's complaint is solely that he had to pay for medical care, not that medical care for a serious medical need was withheld because he was unable or unwilling to pay for it. Under these circumstances, plaintiff has not pled facts sufficient to constitute deliberate indifference to serious medical needs. As such, the complaint is legally frivolous as to this issue.

Plaintiff's claim that he should not be charged taxes on commissary items is not cognizable under § 1983. "Commissary prices implicate no constitutional right. Because the county provided for the plaintiff's basic necessities (food, shelter, clothing, medical care, etc.), he had no protected property or liberty interest in commissary privileges." *Bennett v. Sheahan,* 1999 WL 967534 *4 (N.D.Ill.1999). Plaintiff has no constitutionally protected interest in commissary privileges or commissary prices and, certainly, no legal basis for demanding that he be offered commissary items tax-free. As such, the complaint is legally frivolous as to this issue.

**B.    Good-time credits**

Plaintiff alleges that defendants Simon and Stubblefield violated his rights under the Fourteenth Amendment by failing to give him good-time credits. To the extent that plaintiff is

3

challenging the duration of his confinement, § 1983 is not the proper vehicle to do so. A challenge to the fact or duration of one's confinement must done through a writ of habeas corpus, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), and only after exhausting one's available state remedies, *see* 28 U.S.C. § 2254(b); *see also Love v. Strutton*, No. 04-3481 (8th Cir. September 2, 2005) (unpublished) (fact and duration of plaintiff's confinement "must be brought in a habeas corpus petition after exhausting state remedies").

Finally, to the extent that plaintiff seeks damages stemming from his allegedly unconstitutional confinement, plaintiff has failed to state a claim upon which relief may be granted. A judgment awarding plaintiff damages for being illegally confined would necessarily call into question the validity of his confinement. Consequently, plaintiff cannot proceed on his damages claim unless and until the judgment under which he was incarcerated has been reversed or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). For these reasons, plaintiff's complaint is legally frivolous as to this issue.

### C. Damage to personal property

Plaintiff states that defendant Stubblefield violated his rights under the Fourth Amendment by failing to replace property damaged by guards during a shakedown. The Supreme Court, in *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984), held that "the Fourth Amendment has no applicability to a prison cell." 468 U.S. at 536, 104 S.Ct. at 3205. The Court further held that, "even if [defendant] intentionally destroyed [plaintiff's] personal property during the challenged shakedown search, the destruction did not violate the Fourteenth Amendment" because the State provided "an adequate postdeprivation remedy." *Id*. Plaintiff does not allege that he lacks

an adequate postdeprivation remedy.

Furthermore, the Court notes that regardless of the existence of a state postdeprivation remedy, no due process claim exists if the loss of property was the result of negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *accord Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property.).

Finally, plaintiff's claim is not cognizable against defendant Stubblefield because plaintiff has not alleged that defendant was personally involved in or responsible for conduct resulting in the alleged deprivation. Plaintiff has not alleged that defendant had any role in damaging his property. It is well-settled that respondeat superior cannot form a basis for liability under § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997); *Kulow v. Nix*, 28 F.3d 855, 858 (8th Cir. 1994). For plaintiff to succeed on a § 1983 claim, he must allege that defendant was personally involved in the constitutional deprivation at issue. *Wilson v. Cross*, 845 F.2d 163, 165 (8th Cir. 1988). A "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability" in a § 1983 claim. *Keeper*, 130 F.3d at 1314. Accordingly, plaintiff's complaint is legally frivolous as to this issue.

### D. Access to the courts claims

Plaintiff asserts that defendants Simon, Stubblefield, Kerber and Tyler violated his Sixth Amendment right of access to the courts. Specifically, he states that defendant Kerber ignored numerous requests for law library time, which resulted in his having a case dismissed. He alleges that the law library is inadequate. He alleges that defendant Tyler failed to provide him postage and

returned his legal mail to him. Plaintiff alleges that defendants Simon, Stubblefield, Kerber and Tyler failed to provide him with legal materials, a law clerk and postage when he was in administrative segregation. He asserts that he had an appeal dismissed as a result of these actions.

In order to state a claim that defendants violated plaintiff's right to have access to the courts, he must allege that he suffered actual prejudice to a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 349-55 (1996) (holding that right of access to courts requires showing that inmate had a nonfrivolous legal claim actually impeded or frustrated). Plaintiff has made only conclusory statements regarding having a case and an appeal dismissed because of defendants' conduct. While required to give the complaint a liberal construction, this Court is not required to supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *See Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). Plaintiff has not alleged a sufficient factual basis to support a finding of actual prejudice to a nonfrivolous legal claim. Accordingly, plaintiff's complaint is legally frivolous as to this issue.

### E. Religious services

Plaintiff alleges that defendant Stubblefield violated his rights under the First Amendment by forcing him to attend religious services on numerous occasions during the Christmas holidays while he was confined in the general population. He also alleges that defendant Stubblefield failed to provide religious services when he was housed in the special housing unit.

Plaintiff's allegation that he was forced to attend religious services during the Christmas holidays may state a claim under the First Amendment. *Montano v. Hedgepeth,* 120 F.3d 844, 850 n. 10 (8th Cir. 1997) ("the state cannot compel or even encourage inmates' attendance at religious services").

Similarly, plaintiff's allegation that he was denied religious services may state a claim under the Eighth Amendment. *Divers v. Dept. of Corrections*, 921 F.2d 191, 193 (8th Cir. 1990) (citing *Sweet v. South Carolina Dept. of Corrections,* 529 F.2d 854, 860, 864 (4th Cir. 1975). Whether this denial infringes on plaintiff's constitutional right depends on whether the regulation is "reasonably related to legitimate penological interests." *Id*. at 193-94 (quoting *Turner v. Safely,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261 (1987); *Smith v. Erickson,* 884 F.2d 1108 (8th Cir.1989); *Salaam v. Lockhart,* 856 F.2d 1120, 1122 (8th Cir.1988)). Accordingly, this claim survives threshold review because it is for defendant to show that a policy denying inmates in the special housing unit access to religious services was reasonably related to a legitimate penological interest.

The question then arises whether defendant Stubblefield may be held liable for these alleged violations of plaintiff's constitutional rights. Clearly, he may not be held liable on the basis of his supervisory status. *See Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits). However, "chief executive officers of penal institutions, such as '[a] prison warden can be held liable for policy decisions which create unconstitutional conditions.'" *Reutcke v. Dahm*, 707 F.Supp. 1121, 1134 (D.Neb.1988) (quoting *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir.1985); *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir.1987) (per curiam)). The Court cannot discredit the possibility that defendant Stubblefield was responsible for the policy decisions that created the conditions alleged by plaintiff to be unconstitutional. *See id.* Because defendant's role is unknown, the Court finds that he may be a proper defendant in this matter. Accordingly, plaintiff has stated a claim as to this issue, and the Court will order that process issue as to defendant Stubblefield.

F.   **Housing and release claims**

Plaintiff alleges that defendants Tyler and Stubblefield violated his rights under the Fourteenth Amendment by failing to return him to the general population and by failing to provide him with a cellmate when he requested one. Plaintiff alleges that defendants Stubblefield, Tyler and Simon violated his rights under the Eighth Amendment by housing him with violent offenders.

The Supreme Court, in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995), held that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." 515 U.S. at 486, 115 S.Ct. at 2301. Thus, plaintiff's complaint that defendants failed to return him to the general population implicates no constitutional liberty interests. Moreover, defendant's failing to place plaintiff with a cellmate at plaintiff's request constitutes no "atypical, significant deprivation."

Plaintiff's claim that he was housed with violent offenders is broad and conclusory. He states that numerous inmates have been assaulted under these conditions. However, plaintiff alleges no specific incident in which he was assaulted or injured in any way because of where and with whom he was housed. Plaintiff's statements are "unsupported by factual allegations sufficient to support a claim for violation of constitutional rights." *Ervin v. Ciccone,* 557 F.2d 1260, 1262 (8th Cir.1977) (citing *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974)).

Plaintiff complains that defendants Simon and Stubblefield violated his rights under the Fourteenth Amendment by failing to release him in a timely manner. Plaintiff states that he was not released until 8:20 P. M. on March 24, 2005, which caused him to miss his ride and to walk in the rain from the Justice Center to the place where he was residing. Plaintiff has no liberty interest in being released at a particular time of day on his release date. Accordingly, plaintiff's complaint is legally frivolous as to his housing and release claims.

### G. Provision of cleaning supplies

Plaintiff alleges that defendants Tyler and Stubblefield violated his rights under the Eighth Amendment by failing to provide him with adequate cleaning supplies, such as toilet bowl cleaner and "roll of tissue paper." "[I]nmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989) (citations omitted). However, as above, plaintiff has failed to provide sufficient factual allegations to support his claim. *Ervin,* 557 F.2d at 1262 (citation omitted). Plaintiff does not state the length of time he was without cleaning supplies, nor does he make any allegations regarding the condition of his cell. "Conditions, such as a filthy cell, may 'be tolerable for a few days and intolerably cruel for weeks or months.'" *Id.* (citing *Hutto v. Finney*, 437 U.S. 678, 687, 98 S.Ct. 2565, 2571 (1978)). Because plaintiff's claim is broad and conclusory, it is insufficient to support a claim for violation of constitutional rights. Accordingly, plaintiff's complaint is legally frivolous as to this issue.

### H. Physical injury and failure to provide medical care therefor

Plaintiff alleges that defendant Dixon ordered other correctional officers to pick him up and drop him causing injury to his knees, and failed to provide medical care for such injury. Plaintiff's claim against defendant Dixon regarding this injury and failure to provide medical care survives review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendant Dixon reply to this claim.

### I. Harassment

Plaintiff alleges that defendant Dixon harassed him "on and off when he pass through

the hallways" and made sexual statements to him.

Plaintiff's allegations constitute an Eighth Amendment challenge to his conditions of confinement which must be analyzed under the deliberate indifference standard. *Wilson v. Seiter,* 501 U.S. 294, 303, 111 S.Ct. 2321, 2326-27 (1991). To succeed under this standard, plaintiff must show "(1) that the conditions were objectively sufficiently serious or caused an objectively serious injury to the plaintiff, and (2) that the defendants were deliberately indifferent, or acted with reckless disregard, to inmate constitutional rights, health, or safety." *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (citations omitted).

Plaintiff's allegations satisfy neither prong of the *Berryhill* standard. There is no indication that defendant's alleged harassment was objectively sufficiently serious or that it caused any objectively serious injury; nor is there any indication that defendant acted with reckless disregard for plaintiff's constitutional rights, health or safety. Plaintiff does not allege any conduct that involved touching and does not allege either physical or psychological injury. As the Supreme Court stated in *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992), not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. at 9, 112 S.Ct. at 1000. Analogously, not every malevolent comment by a prison guard gives rise to a federal cause of action.

Even threatening language by guards is not actionable under § 1983. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (citing *Martin v. Sargent,* 780 F.2d 1334, 1338-39 (8th Cir.1985); *Burton v. Livingston,* 791 F.2d 97, 99-101 (8th Cir.1986) (threatening words of prison guard, without more, do not invade a federally protected right, but such words do so when a guard "terrorized...[prisoner] with threats of death")). *Cf. Bolden v. Mandel,* 385 F.Supp. 761, 764 (D.Md.1974) (holding verbal abuse and threats of bodily harm not actionable under § 1983; "Were

10

a prisoner...entitled to a jury trial each time that he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits...."). Plaintiff's allegations are insufficient to support a claim for violation of constitutional rights under the Eighth Amendment. Accordingly, plaintiff's complaint is legally frivolous as to this issue.

### J. Motion for appointment of counsel

With regard to plaintiff's motion for appointment of counsel, the Court believes that plaintiff's remaining claims against defendants Stubblefield and Dixon are not so complex legally or factually as to require appointment of counsel at this time. *See Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir. 1998) (discussing factors considered by court in determining whether to appoint counsel). Additionally, based on plaintiff's complaint, it appears that he can adequately prosecute his claim for the foreseeable future. *Id.* Therefore, the Court will deny plaintiff's motion for appointment of counsel without prejudice.

### Conclusion

In sum, plaintiff's complaint fails to state a claim or is legally frivolous, or both, as to all claims except for his claim regarding religious services against defendant Stubblefield and his claim regarding physical injury and failure to provide medical care therefor against defendant Dixon.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Stubblefield and Dixon.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 4] be **DENIED** without prejudice.

An appropriate order shall accompany this order and memorandum.

Dated this 20th day of September, 2005.

_____
**UNITED STATES DISTRICT JUDGE**