# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE POOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:05cv1005 TCM |
| ) | |
| GENE STUBBLEFIELD and ) | |
| RICHARD DIXON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court[1] on motions by defendants, Gene Stubblefield and Richard Dixon, to compel and to dismiss [Docs. 15, 17, 20] and on a motion by plaintiff, George Poole, to compel [Doc. 19].

## Background

This action began with a request by Plaintiff to proceed in forma pauperis on his complaint against five employees of the St. Louis Medium Security Institute ("MSI"). The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri, dismissed as frivolous several of the claims, including a claim that two of the defendants unconstitutionally charged Plaintiff for medical care and assessed taxes on commissary items; these same two defendants violated his Fourteenth Amendment rights by failing to give him good time credits; one defendant violated his Fourth Amendment rights by not replacing property damaged during a "shakedown"; and two of the defendants violated

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

his Fourteenth Amendment rights when making certain housing decisions and by failing to release him in a timely manner. Order of Sept. 20, 2005. Plaintiff was granted leave to proceed in forma pauperis on his claims against (a) Stubblefield alleging he forced Plaintiff to attend Christmas religious services when in the general population, but denied Plaintiff access to religious services when he was in the special housing unit and (b) Dixon alleging Dixon ordered other correctional officers to pick Plaintiff up and drop him, thereby causing injury to his knees. Id. at 6-7, 9.

Shortly thereafter, the undersigned entered a case management order setting forth certain deadlines, including a deadline of December 21, 2005, for voluntary disclosure of certain information and a deadline of February 21, 2006, for the completion of discovery.

In November 2005, Stubblefield and Dixon ("Defendants") sent to Plaintiff three discovery request: Interrogatories; Request for Production of Documents; and Requests for Admissions. (Doc. 20 Ex. A.) Having received no response, Defendants filed a motion to compel on February 7, 2006. By Order of March 8, the undersigned directed Plaintiff to comply by March 31 with the three requests and cautioned him that the failure to comply would result in the imposition of sanctions, possibly including the dismissal of this action without prejudice.

While their motion to compel was pending, Defendants filed a motion to dismiss on the grounds that Plaintiff had failed to appear for his deposition. On February 1, Plaintiff had been mailed a notice of his deposition, scheduled for February 16 at 9:00 a.m. (Doc. 17 Ex. 1.) He failed to appear at that date and time, and failed to call or otherwise attempt to reschedule the deposition. (Doc. 17 Ex. 2 at 4-5.)

On March 21, Plaintiff filed his responses to Defendants' written discovery requests. These responses are deficient, at best. In response to Defendants' 27-page set of interrogatories, Plaintiff either wrote "N-A" next to the majority of the interrogatories or did not respond at all. When he did respond, he gave sparse or partial answers. For example, an interrogatory asked for his residence address and telephone number: he only listed the street name and number. An interrogatory asked for personal data, including age and birth date, and another asked about felony convictions: he responded "N-A." When asked for the dates he was confined he wrote, "You look it up or ask MSI." Asked for specific information about his injuries, he replied, "Knees." Asked for the names of doctors and other health providers who had treated him for the ten years prior to the complained-of injuries, Plaintiff had no response. Another interrogatory asked for specific information about any medication he took as a consequence of his injuries, including by whom the medication was prescribed and the dosage. He replied, "Pain pills." The one specific, complete answer Plaintiff gave was to an interrogatory asking about the date he recovered, if he had, from his injuries sustained on December 26, 2004. Plaintiff wrote, "2-20-05."

On March 21, Plaintiff also responded to Defendants' request for production of documents and request for admissions. In the former, Defendants requested "[a]ny and all documents which support or relate to your allegations against any defendant regarding their actions as alleged in your Complaint. If produced, list below all documents produced." Plaintiff wrote "Affidavits." Asked for "[a]ny and all documents which support or relate to any alleged injuries sustained as a result of any allegation within your Complaint," Plaintiff

wrote "Yes." He further explained that all documents had been sent to Defendants' counsel. Plaintiff denied each of the four allegations in the request for admissions.

The same day he responded to Defendants' outstanding discovery requests, he filed a document with the Court representing that he had complied with its March 8 order and asking that Defendants be ordered to comply with the voluntary disclosure provisions of the case management order.

## Discussion

It is well established that a plaintiff's pro se status does not excuse him from complying with court orders and the Federal Rules of Civil Procedure, including the requirements of discovery. **Lindstedt v. City of Granby**, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam); **Ackra Direct Marketing Corp. v. Fingerhut Corp.**, 86 F.3d 852, 856 (8th Cir. 1996); **Brown v. Frey**, 806 F.3d 804 (8th Cir. 1986). Sanctions for a failure to comply include monetary sanctions and dismissal. See **Martin v. DaimlerChrysler Corp.**, 251 F.3d 691, 694 (8th Cir. 2001); **Wright v. Sargent**, 869 F.2d 1175, 1176 (8th Cir. 1989) (per curiam). "The . . sanction must be proportionate to the litigant's transgression." **In re Popkin & Stern**, 196 F.3d 933, 938 (8th Cir. 1999) (alteration added).

Defendants seek sanctions against Plaintiff for two discovery violations: (1) the failure to respond to their written discovery requests and (2) the failure to appear for his deposition. For the reasons set forth below, the Court finds that both violations merit an award of sanctions, albeit not the dismissal with prejudice sought by Defendants.

By order of March 8, 2006, this Court ordered Plaintiff to respond to Defendants' three written discovery requests on or before March 31. Plaintiff did respond on March 21.

This response, however, did not comply with the Court's March 8 order. When answering the interrogatories, Plaintiff gave patently incomplete answers, designated routine questions as not applicable, or failed to respond at all to clearly relevant questions, including ones requesting names and addressed of health care providers who had treated his complained-of injuries. When asked in the request for production of documents for any documents supporting or relating to his claim for injuries, Plaintiff's answer was a unresponsive, "Yes." Plaintiff is pro se, but he is no stranger to litigation. Of the 35 cases he has filed in this District in the past six years, 25 are § 1983 actions. Cf. **Lindstedt**, 238 F.3d at 936 n. 4 (noting in an appeal from the dismissal of a pro se action for discovery violations that the plaintiff had filed seven cases in the Western District in the previous 57 months; dismissal was affirmed).

Federal Rule of Civil Procedure 41(b) allows a district court to sanction a party, including the dismissal of its action, for failure to comply with its order. See **Hunt v. City of Minneapolis**, 203 F.3d 524, 527 (8th Cir. 1999). The Court finds that, although Plaintiff did purport to comply with its March 8 order, the compliance was a sham.

Plaintiff also did not appear for his deposition. "Federal Rule of Civil Procedure 37(d) allows the district court to, among other sanctions, dismiss an action if a party 'fails to appear' for his or her deposition." **Aziz v. Wright**, 34 F.3d 587, 589 (8th Cir. 1994). "[N]o motion to compel is required before dismissal under Rule 37(d)." **Id.** (alteration added).

Sanctions are appropriate for Plaintiff's failure to comply with this Court's order and for his unexplained failure to appear for his deposition. The question then is which sanctions.

Plaintiff is proceeding in forma pauperis; hence, a monetary sanction would be meaningless and would not result in his compliance with discovery requests and orders. He has already been warned about the possible consequences of a failure to comply. See **Rodgers v. Curators of the Univ. of Mo.**, 135 F.3d 1216, 1222 (8th Cir. 1998). Plaintiff's discovery violations at this early stage deprive Defendants of an opportunity to seek summary judgment; hence, the question of prohibiting him from introducing any evidence at trial not previously disclosed to Defendants assumes that a trial is necessary. Consequently, dismissal is the only appropriate sanction. See **Martin**, 251 F.3d at 694 ("When a litigant's conduct abuses the judicial process, dismissal of a lawsuit is a remedy within the inherent power of the court."). See also **Everyday Learning Corp. v. Larson**, 242 F.3d 815, 817 (8th Cir. 2001) (affirming dismissal of action as sanction against plaintiff who continued to refuse to cooperate with discovery after court entered detailed order); **Rodgers**, 135 F.3d at 1216, 1222 (8th Cir. 1998) (affirming dismissal of action as discovery sanction after finding that any lesser sanction would have involved further delay or would have forced opposing party to try case without completing discovery).

Defendants request that the case be dismissed with prejudice.

A dismissal is "an extreme sanction," however, when it is with prejudice and "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. **Hunt**, 203 F.3d at 527. Accord **Good Stewardship Christian Center v. Empire Bank**, 341 F.3d 794, 797 (8th Cir. 2003). "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily." **Hunt**, 203 F.3d at 527. See also

**Aziz**, 34 F.3d at 589 (affirming Rule 41(b) dismissal of action filed by pro se plaintiff who had "willfully disregarded" a court order). Considerations of the court's need to advance its docket, the consequences of "irrevocably extinguishing the litigant's claim," and the futility of lesser sanctions inform the court's decision on whether a dismissal is to be with prejudice. **Id.** (interim quotations omitted). Also relevant is whether the plaintiff's actions "had the effect of attacking the integrity of the court." **Rodgers**, 135 F.3d at 1219.

Although the latter consideration favors a dismissal with prejudice, the Court finds that the other relevant considerations militate against this extreme sanction. A dismissal without prejudice is the more appropriate sanction.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss [Docs. 17, 20] are **GRANTED** insofar as this action will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants' motion to compel and Plaintiff's motion to compel are each **DENIED** as moot. [Docs. 15, 19]

An appropriate Order shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of May, 2006.